# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-1632V

LIDIA VEGA,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: June 28, 2024

*David A. Kleczek, Kleczek Law Office, Oakland, CA, for Petitioner.*

*Mitchell Jones, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On October 21, 2019, Lidia Vega filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barre Syndrome ("GBS") as a result of her October 22, 2016 influenza ("flu") vaccination. *See* Petition at ¶ 7.. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 9, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her GBS. On June 27, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $105,405.15, representing compensation in the amounts of $102,500.00 for pain and suffering and $2,905.15 for past lost wages. Proffer at 1-2. In the Proffer, Respondent represented that

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $105,405.15, representing compensation in the amounts of $102,500.00 for pain and suffering and $2,905.15 for actual lost wages in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

_____

)
LIDIA VEGA,                                       )
                                                 )
      Petitioner,                            )    No. 19-1632V
                                                 )    Chief Special Master Corcoran
      v.                                     )    ECF
                                                 )
SECRETARY OF HEALTH                              )
AND HUMAN SERVICES,                             )
                                                 )
      Respondent.                            )
_____ )

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 21, 2019, Lidia Vega ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Table injury of Guillain-Barre syndrome ("GBS") after the administration of an influenza ("flu") vaccination on October 22, 2016.  Petition at 2.  On December 3, 2021, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a GBS Table injury, and on December 9, 2021, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF Nos. 34, 35.

## I.    Items of Compensation

### A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $102,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.      Lost Wages

Evidence supplied by petitioner documents that she incurred past lost wages related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past lost wages in the amount of $2,905.15.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.      Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[1]  a lump sum payment of **$105,405.15** in the form of a check payable to petitioner.

## III.      Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Lidia Vega.:  **$105,405.15**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

COLLEEN C. HARTLEY
Assistant Director
Torts Branch, Civil Division

/s/ Mitchell H. Jones
MITCHELL H. JONES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-1748
mitchell.jones@usdoj.gov

DATED: June 27, 2024